Strafford
No. 2003-694

IN THE MATTER OF MICHELLE (FOGG) GLAUDE AND KENNETH FOGG, II

Argued: June 10, 2004
Opinion Issued: July 16, 2004

*Patrick M. Carron*, of Concord, by brief and orally, for the petitioner.

*Wensley, Wirth & Azarian, PLLC*, of Rochester (*Daniel J. Harkinson* on the brief and orally), for the respondent.

NADEAU, J. The respondent, Kenneth Fogg, II, appeals a decision of the Superior Court (*Mohl*, J.) ordering him to pay child support and retroactively suspending the support obligation of the petitioner, Michelle Glaude. We reverse and remand.

In 1991, the petitioner and the respondent married. At that time, the petitioner had a son, Matthew Mooney, from a prior relationship. In 1993, the parties divorced. Upon the divorce, the respondent was awarded physical custody of Mooney, and the petitioner began paying child support.

On January 22, 2002, the parties agreed that the petitioner would have custody of Mooney, and that "all financial responsibilities shall be the sole

responsibility of [the petitioner]." On June 17, 2003, the petitioner filed a petition for modification in superior court. On June 25, the respondent was served with the petition. On September 5, 2003, the court ordered the respondent to begin weekly child support payments to the petitioner, and suspended the petitioner's support obligation from February 2002 until the date of its order.

The respondent filed a motion for reconsideration, which the court denied. The court also clarified its order that the respondent owed a duty to support Mooney even though he is not the biological father and he has not adopted Mooney. The court reasoned that "[i]t would be grossly unfair and inequitable to allow [the respondent] to abandon the responsibilities and benefits he undertook for the past 14 years, including receiving support from [the petitioner], now that the custodial situation has changed."

On appeal, the respondent argues that the trial court erred by ordering him to pay support for his former stepchild. He also argues that the court erred in retroactively suspending the child support obligation of the petitioner because it resulted in modification of her past arrearages. *See* RSA 458-C:3, IV(c) (Supp. 2003); RSA 458:17, VII, VIII (Supp. 2003). The petitioner contends that RSA 546-A:6 (1997), which permits modification of a child support order "where justice requires," allowed the trial court to order support by the respondent. Alternatively, she contends that because the respondent held himself out as a parent, equitable estoppel should prevent him from stopping support payments. Finally, she argues that RSA 546-A:6 permitted the court to vacate her child support arrearage because justice so required.

Concerning the respondent's first argument, it is undisputed that he did not adopt Mooney. Therefore, we need only determine whether a stepparent owes a duty of support to his stepchild upon termination of the marriage. We answer this question in the negative.

In *Ruben v. Ruben*, 123 N.H. 358 (1983), we held that "upon the dissolution of a marriage, absent a valid adoption, a stepparent's duty to support a stepchild pursuant to RSA chapter 546-A ceases, because the stepparent relationship ceases upon dissolution of the marriage." *Ruben*, 123 N.H. at 362. We are not persuaded by the petitioner's argument that equitable estoppel requires a different result in this case. Based upon this holding, the trial court clearly erred by ordering the respondent to pay support for his former stepchild.

Next, we turn to the argument concerning the petitioner's arrearage. In matters of statutory interpretation, we are the final arbiter of legislative intent as expressed in the words of the statute considered as a whole. *In*

*the Matter of Watterworth & Watterworth*, 149 N.H. 442, 445 (2003). We first examine the language of the statute and ascribe the plain and ordinary meanings to the words used. *Id.* Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.*

■ RSA 458:17, VIII provides: "No modification of a support order shall alter any arrearages due prior to the date of filing the motion for modification." Moreover, "[i]f a petition for modification is granted, it shall be effective from the date of service of the petition upon the respondent." RSA 458-C:3, IV(c). On June 17, 2003, the petitioner filed her petition for modification and, on June 25, the respondent was served. The trial court suspended the petitioner's support obligation from February 2002 until September 5, 2003, the date of its order. Based upon a plain reading, this order clearly violates these statutes. When a court is modifying a support order, no arrearage due prior to the date of filing shall be altered; accordingly, the trial court erred in suspending the arrearage accrued prior to the date of the filing of the motion for modification. *See* RSA 458:17, VII, VIII.

■ Next, the petitioner argues that the superior court maintains jurisdiction to modify or vacate an order "where justice requires," RSA 546-A:6, and thus, in each instance, the court acted within its discretion. We disagree. Interpreting RSA 546-A:6 in the context of the overall statutory scheme and not in isolation, *Watterworth*, 149 N.H. at 445, leads us to the conclusion that the more specific child support provisions of RSA 458:17, VIII and RSA 458-C:3, IV(c) control the outcome of this case, and not the general jurisdictional grant given to the superior court by RSA 546-A:6 and RSA 546-A:4 (1997). *Cf. Petition of Public Serv. Co. of N.H.*, 130 N.H. 265, 283 (1988) (specific, more recently-enacted statute controls over general, earlier-enacted statute).

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred; DUGGAN, J., concurred in part and dissented in part.

DUGGAN, J., concurring in part and dissenting in part. I concur in that part of the majority opinion holding that a stepparent does not owe a duty of support to his stepchild upon termination of the marriage. I write separately, however, because I disagree with the portion of the majority opinion that reverses the superior court's order to retroactively suspend the petitioner's support obligation from February 2002 to September 5, 2003. The plain language of RSA 546-A:6 gives the superior court limited

discretion to modify or vacate a child support obligation "where justice requires." In my view, this is such a situation.

Here, following the divorce, the respondent was awarded physical custody of the petitioner's son. As a result, the petitioner was required to pay child support. However, in January 2002, the parties agreed that the petitioner would have custody of her son, as well as sole financial responsibility for him. In June 2003, the petitioner filed a petition for modification of the support order with the superior court. In September 2003, the court suspended the petitioner's support obligation from February 2002 until the September 2003 date of its order. The superior court thus concluded that the petitioner should not be required to pay arrearage because she in fact had custody of her son during this time period. The majority's holding, on the other hand, requires the petitioner to pay child support to the respondent even though he no longer had custody of her son.

Because I believe that this is a situation in which justice requires the modification of the order of support, I respectfully dissent.